**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHATONE DEVON CHINN,

      Petitioner,                   Civil No. 2:13-14866
                                    HONORABLE NANCY G. EDMUNDS
v.                                 UNITED STATES DISTRICT JUDGE

DAVID BERGH,

      Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Shatone Devon Chinn, ("Petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder, M.C.L.A. 750.316; felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm during the commission of a felony, M.C.L.A. 750.227b.   Respondent filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1).   For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

### I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.   Petitioner's direct appeals with the Michigan courts ended on November 29, 2005, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v.*

*Chinn,* 474 Mich. 937; 706 N.W. 2d 17 (2005).

Petitioner filed a post-conviction motion for relief from judgment with the trial court on July 19, 2006. [1]  The motion was dismissed without prejudice on January 12, 2007, although the trial court also granted petitioner's motion for the appointment of post-conviction counsel. *People v. Chinn,* No. 03-001008-01 (Wayne County Circuit Court, January 12, 2007).

Petitioner, through appointed counsel, filed a second motion for relief from judgment on August 18, 2010.  After the trial court denied the motion and the Michigan Court of Appeals affirmed the denial, petitioner's post-conviction proceedings ended in the Michigan courts on November 20, 2012, when the Michigan Supreme Court denied petitioner leave to appeal from the trial court's denial of his post-conviction motion. *People v. Chinn,* 493 Mich. 891; 822 N.W. 2d 580 (2012).

Petitioner's habeas petition is signed and dated November 18, 2013. [2]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(*quoting* Fed. R. Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set

---

[1]  *See* Register of Actions, No. 03-001088-01-FC, p. 4 [Respondent's Appendix C].

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on November 18, 2013, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on November 29, 2005. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on February 27, 2006, when he failed to file a petition for writ of certiorari with the U.S.

Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188.

Petitioner filed his first post-conviction motion for relief from judgment on July 19, 2006, some one hundred and forty two days after the one year limitations period had commenced. The first motion was dismissed without prejudice on January 12, 2007. At the time that petitioner's first post-conviction motion was dismissed, petitioner would have had one year from this date pursuant to M.C.R. 7.205(F)(3) to appeal the dismissal of this first motion but petitioner chose not to. *See e.g. Williams v. Birkett,* 670 F. 3d 729, 731 (6th Cir. 2012).[3]  A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d) (2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original).  Because petitioner never filed an appeal after his first post-conviction motion was dismissed, the limitations period resumed running on January 13, 2007, the day after the Wayne County Circuit Court dismissed petitioner's motion for relief from judgment because petitioner no longer had a post-conviction motion pending in state court. *See Williams v. Howes,* No. 2:08–CV–10772; 2013 WL 592419, * 3 (E.D. Mich. February 14, 2013).  Petitioner had two hundred and twenty three days remaining, which would have been no later than August 23, 2007, to file his habeas petition within the one year limitations period or to otherwise toll the limitations period.

Petitioner filed his second post-conviction motion for relief from judgment on August

---

[3]  In June of 2011, M.C.R. 7.205(F)(3) was amended to require that any delayed application for leave to appeal be filed with the Michigan Court of Appeals within six months of the judgment being appealed.

4

18, 2010, long after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002).  Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004).

The Court is aware that petitioner in his first claim alleges that he has newly discovered evidence of innocence in the form of a recanting affidavit from prosecution witness Cyrano Greer, dated April 17, 2010.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005).

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F. 3d 364, 373-74 (6th Cir. 2007)(§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); *See also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir.2006)(holding that statute of limitations on claim that state appellate court improperly

5

denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); *Jackson v. Hofbauer,* No. 05-CV-74916-DT; 2007 WL 391405, * 8 (E.D. Mich. January 31, 2007(§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis. However, in dicta in *Pace v. DiGuglielmo,* 544 U.S. 408, 416, n. 6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A)(date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period. This Court is therefore required to evaluate each of petitioner's claims separately to determine whether the provisions of Section 2244(d)(1)(D) would render any, or all, of the claims timely.

Petitioner has raised five claims in his petition for writ of habeas corpus. For the purpose of brevity, these claims are: 1) petitioner is entitled to a new trial based on newly discovered evidence that the only eyewitness to implicate him in the crime committed perjury, 2) petitioner was convicted on the basis of tainted identifications by two other witnesses and his trial counsel's failure to object to these identifications, 3) there was insufficient evidence of premeditation and deliberation to support petitioner's first-degree murder conviction and appellate counsel was ineffective for failing to raise this claim on petitioner's appeal of right, 4) the prosecutor committed misconduct by vouching for her witnesses, trial counsel was ineffective for failing to object, and appellate counsel was

ineffective for failing to raise the claim on petitioner's direct appeal, and 5) petitioner was denied his right to a fair trial when the prosecutor's opening statement was unsupported by the evidence.

With the exception of petitioner's first claim, the allegedly newly discovered evidence of Greer's recanting affidavit has no connection to petitioner's other claims. Because petitioner's second through fifth claims do not rest upon the newly discovered evidence of Greer's recanting affidavit, this evidence cannot logically constitute a "factual predicate" for petitioner's second through fifth claims, as defined by § 2244(d)(1)(D), thus, these claims are time-barred, regardless of whether the alleged recanting affidavit would constitute newly discovered evidence with respect to petitioner's first claim. *Ege,* 485 F. 3d at 373.

Petitioner is also not entitled to delay the commencement of the limitations period with respect to his first claim because petitioner does not indicate when he first learned about Greer's recantation or what steps he took to obtain his affidavit.

The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d at 771. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching

7

for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

The only information that the Court has in determining whether petitioner acted with due diligence in discovering Greer's alleged perjury is the date that Greer's affidavit was signed and notarized, April 17, 2010. This date merely informs the Court when the notary signed the affidavit, not when Greer recanted his testimony and not what petitioner did to obtain the affidavit earlier. Petitioner has thus failed to show how he exercised due diligence in obtaining Greer's affidavit, so as to delay the start of the one year limitations period pursuant to § 2244(d)(1)(D). *See Townsend v. Lafler,* 99 Fed. Appx. 606, 608 (6th Cir. 2004).

In any event, even if the one year limitations period were delayed with respect to petitioner's first claim, the one year limitations period would begin running at the very latest on April 17, 2010, when petitioner obtained Greer's affidavit. Petitioner filed his post-conviction motion on August 18, 2010, some one hundred and twenty three days later. The Michigan Supreme Court denied petitioner's post-conviction appeal on November 20, 2012. Petitioner had three hundred and forty two days remaining, or until July 20, 2013, to file his petition with this Court. Because petitioner's habeas application was not filed until November 18, 2013, the petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that the

8

circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception*,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim [Claim # 3] cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

Cyrano Greer's recanting affidavit is likewise insufficient to establish petitioner's innocence, so as to toll the limitations period. Recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir.

9

1991). Petitioner has presented no evidence concerning the authenticity of Greer's affidavit, the motivation of Greer in signing the recanting affidavit, the circumstances surrounding the affidavit's execution, or its consistency with other evidence in trial record. Accordingly, Greer's alleged recantation is insufficient to establish that this is "'an extraordinary case'" in which tolling based on a claim of actual innocence would be appropriate. *See Giles v. Wolfenbarger,* 239 Fed. Appx. at 148. Moreover, as the trial judge noted in rejecting petitioner's claim on post-conviction review, *See Chinn,* No. 03-001088-01. Slip. Op. at * 5, two other witnesses positively identified petitioner as the shooter after viewing a videotape of the murder. Because petitioner's conviction was supported by the testimony of additional witnesses, Greer's alleged recanting affidavit is insufficient to establish petitioner's actual innocence, so as to toll the one year limitations period. *See e.g. McCray v. Vasbinder,* 499 F. 3d 568, 575 (6th Cir. 2007).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

10

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

11

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
Dated: August 8, 2014                    UNITED STATES DISTRICT COURT

12